**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | |
|---|---|
| **Scott Ehlers, on behalf of himself and others similarly situated,** | |
| **and** | |
| **Frank Harmon, on behalf of himself and others similarly situated,** | |
| **Plaintiffs,** | **Case No.** 10 - 1147 |
| **v.** | **Judge** ______ |
| **Restoration Hardware, Inc.**<br>**15 Koch Road, Suite J**<br>**Corte Madera, CA 94925** | **JURY TRIAL DEMANDED** |
| **and** | |
| **Does 1-10,** | |
| **Defendants.** | |

**CLASS ACTION COMPLAINT**

Now come plaintiffs Scott Ehlers and Frank Harmon (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, and allege as follows:

## I. INTRODUCTION

1. Plaintiffs, Scott Ehlers and Frank Harmon, bring this action to secure redress for themselves and others similarly situated for violations by defendant Restoration Hardware, Inc. ("Defendant" or "RH") and Does 1-10 (collectively, "Defendants") of the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681c(g) ("FACTA"), that was passed in

2003, as an amendment to the Fair Credit Reporting Act, 15 U.S.C. §§1681, *et seq.* ("FCRA"), in an effort to protect consumers from the risk of identity theft.

2. Specifically, Plaintiffs allege that, on credit or debit card receipts provided at the point of sale or transaction, Defendant printed more than the last five digits of the card number and/or the card's expiration date.

3. Specifically, *inter alia*, FACTA prohibits businesses that accept payment *via* credit or debit card from including more than the last five digits of a credit or debit card number and/or the card's expiration date on electronically printed receipts provided to consumers (the "Truncation" provision or requirement).

4. The Truncation requirement is designed to prevent identity theft.

5. The Federal Trade Commission has estimated that, each year, criminals fraudulently assume the identities of more than 9 million persons for financial gain, causing annual losses in excess of $50 billion.

6. Identity thieves obtain credit card receipts that are stolen, lost, or discarded and then use the information on them to engage in illegal transactions. These identity thieves are commonly referred to as "carders" or "dumpster divers." This "low tech" method of identity theft is more prevalent than the use of sophisticated electronic scanning or hacking to obtain the information. *See, e.g.*, Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," *Wall Street Journal*, Oct. 5, 2006, p. B1.

7. Sophisticated identity thieves can replicate a credit card number using the expiration date and the last four or five digits of the card number.

8. The expiration date is generally necessary for the illegal use of the card number.

9. Merchants generally will not honor a card in a "card-not-present" transaction (telephone or internet) without both the correct expiration date and the card number. Identity thieves prefer "card-not-present" transactions, as they reduce their risk of apprehension.

10. To curb or eliminate this means of identity theft, FACTA prohibits merchants who accept credit cards from issuing electronically-generated receipts displaying either the expiration date or more than the last five digits of the card number.

11. At the time FACTA was signed into law, then President George W. Bush stated:

> This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft.

If followed, FACTA deters identity theft by reducing the identity thief's access to and ability to obtain a consumer's valuable account information. Plaintiffs bring the following claim, individually and on behalf of all others similarly situated, to remedy Defendants' continuing, willful, and flagrant violations of FACTA.

12. As described more fully below, FACTA's truncation requirement gave merchants three years after December 4, 2003, to become compliant. After three years many businesses still failed to comply, leading to over 400 class action lawsuits. In response, and as one final reprieve to recalcitrant retailers, on June 3, 2008, President Bush signed into law The Credit and Debit Card Receipt Clarification Act (the "Clarification Act"). The Clarification Act provided that FACTA truncation violations by retailers, in failing to truncate the expiration date on receipts, that occurred prior to June 3, 2008, "shall not be in willful noncompliance." Thus, although still a violation of FACTA, the Clarification Act deemed

the violations to not be willful and thus cannot give rise to statutory damages. After June 3, 2008, FACTA violators were afforded no shelter.

13. Thus, after a three year phase-in period, and a one-time reprieve in 2008 from the President of the United States, Defendants still willfully and improperly failed to comply with the truncation requirement of FACTA, and instead included prohibited information on electronically printed receipts provided to consumers with whom they entered into credit and/or debit card transactions since June 3, 2008.

14. Defendants' illegal practice of failing to comply with FACTA's truncation requirement subjects Plaintiffs, and other similarly situated consumers, to an increased risk of identity theft and deprives them of the intended benefits of FACTA.

## II. PARTIES

15. Plaintiff Scott Ehlers is a resident of Powell, Ohio, and is otherwise *sui juris*. Further, Plaintiff is a "consumer" as defined by §1681a(c) of the FCRA. Pursuant to the Federal Rules of Civil Procedure, Plaintiff seeks to represent a nationwide class of consumers, likewise defined by §1681a(c).

16. Plaintiff Frank Harmon is a resident of Dublin, Ohio, and is otherwise *sui juris*. Further, Plaintiff is a "consumer" as defined by §1681a(c) of the FCRA. Pursuant to the Federal Rules of Civil Procedure, Plaintiff seeks to represent a nationwide class of consumers, likewise defined by §1681a(c).

17. Defendant Restoration Hardware, Inc. is a privately held California Corporation with its principal place of business in Corte Madera, California that does business and engages in the trade and commerce of selling a wide range of merchandise, including home furnishings, bath fixtures and bathware, functional and decorative hardware and related merchandise.

Defendant conducts business in the State of Ohio, in this district, and throughout certain portions of the United States, and is a "person that accepts credit cards or debit cards for the transaction of business" under the FCRA, and pursuant to the definition of "person" set forth therein.

18. Plaintiffs, upon information and belief, aver that at all times relevant to this action, Defendant RH and Defendant Does 1 through 10 were affiliated and were an integrated enterprise.

19. Plaintiffs are unaware of the true names and identities of Defendant Does 1 through 10. Said Defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against Defendant Does 1 through 10 when the true names are ascertained or when such facts pertaining to the liability of Defendant Does 1 through 10 are ascertained, or as permitted by law or by this Court.

20. Plaintiffs, upon information and belief, allege that at all relevant times each Defendant was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and had such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matter alleged below. Plaintiffs aver, upon information and belief, that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## III. JURISDICTION AND VENUE

21. This Court has jurisdiction over this action pursuant to FACTA, which provides that, "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy." 15 U.S.C. §1681(p). This Court also has jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity of citizenship and amount in controversy exceeds $75,000).

22. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## IV. CLASS ALLEGATIONS

23. Plaintiffs bring this action on their own behalf and as a class action pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure (the "Class Action") on behalf of a class (the "Class") consisting of:

> All persons to whom Restoration Hardware, Inc. provided an electronically printed receipt at the point of sale or transaction from June 4, 2008 to the present, that displays more than the last five digits of the consumer's credit or debit card and/or the expiration date.

Upon completion of discovery with respect to the scope of the Class, Plaintiffs reserve the right to amend the Class definition. Excluded from the Class are Defendants, and any of their respective parents, subsidiaries and/or affiliated companies, directors and officers, and members of their immediate family.

24. The members of the Class are so numerous and geographically diverse, that joinder of all of them is impracticable. Plaintiffs believe and therefore aver that Defendant RH and Defendants Does 1-10 (collectively, "Defendants") have violated the Truncation

requirement and thus improperly included prohibited information on electronically printed credit and debit card receipts of more than one thousand customers during the applicable statutory period.

25.    The unlawful practices of Defendants, alleged herein, constitute a course of conduct common to the members of the Class. The prosecution of separate actions by individual members of the Class would create a risk of: (a) inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants; and/or (b) adjudication with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

26.    There are questions of fact and law common to members of the Class that predominate over any questions affecting any individual members including, *inter alia*, the following:

    a.   Whether Defendants' credit card and debit card receipts provided to consumers, during the applicable statutory period, contain more than the last five digits of the consumer's credit or debit card number;

    b.   Whether Defendants' credit card and debit card receipts provided to consumers, during the applicable statutory period, contain the expiration date of the consumer's credit card or debit card;

    c.   Whether Defendants' conduct constitutes a violation of FACTA;

    d.   Whether Defendants' conduct constitutes willful noncompliance with FACTA;

    e.   Whether Plaintiffs and the other members of the Class are entitled to recover statutory damages, punitive damages and/or attorney's fees.

27. The claims of Plaintiffs are typical of the claims of the other members of the Class, and Plaintiffs have no interests that are adverse or antagonistic to the interests of the other members of the Class.

28. Plaintiffs will fairly and adequately protect the interests of the other members of the Class. Plaintiffs are committed to prosecuting this Class Action and have retained competent counsel experienced in litigation of this nature.

29. Plaintiffs envision no unusual difficulty in the management of this action as a Class Action. For all of the foregoing reasons, a Class Action is superior to the other available methods for the fair and efficient adjudication of this action.

## V. FACTUAL ALLEGATIONS

30. Restoration Hardware, Inc. ("RH") has been in business since 1980 and is a retail organization operating retail stores that sell a wide variety of merchandise, including home furnishings, bath fixtures and bathware, functional and decorative hardware and related merchandise. RH went public in 1998 and at that time had 47 stores. In the three years after going public, RH rapidly expanded, doubling its number of stores in the United States. In June 2008, RH became a private company and is no longer traded on the stock market.

31. As part of its operations, RH accepts from its customers certain credit and debit cards for payment for its products and/or services. In transacting its business with persons such as Plaintiffs and members of the Class, RH uses cash registers and/or other point of sale ("POS") machines or devices that electronically print receipts for its point of sale credit card and/or debit card transactions.

32. Plaintiffs believe and therefore aver that it is RH's policy and practice to provide each of its customers with an electronically printed receipt following its point of sale credit and/or

debit card transactions. Moreover, Plaintiffs believe and therefore aver that the format and/or layout of the information on RH's point of sale electronically printed receipts are materially the same for all customers. Plaintiffs believe and therefore aver that the point of sale electronically printed receipts provided by RH are intended to be printed, saved, maintained, and/or used by the customer in the same manner as any other of its receipts.

33. FACTA was signed into law on December 4, 2003, and is designed, in part, to deter the growing problem of identity theft in the United States.

34. Pertinent here, FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. §1681c(g).

35. FACTA gave companies up to a three-year phase-in period with which to comply with its Truncation requirement, from December 4, 2003 to December 4, 2006. This Truncation provision of FACTA became effective on December 4, 2006, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was in use before January 1, 2005.

36. All cash registers or other machines or devices that electronically print receipts for credit card or debit card transactions that were first put in use on or after January 1, 2005, were required to be immediately compliant with 15 U.S.C. §1681c(g).

37. Notwithstanding that there was a three-year phase-in period with which to comply with the Truncation provision of FACTA, Defendants continued to issue electronically printed receipts to consumers that contain more than the last five digits of the consumer's credit or debit card and/or expiration date.

38. To the extent a three year phase-in was not enough to allow retailers such as Defendants ample opportunity to comply with FACTA's truncation requirement, and nearly six years was not enough for RH to comply with FACTA's truncation requirement, on June 3, 2008, President Bush gave businesses that failed to comply during the phase-in one final reprieve when he signed The Credit and Debit Card Receipt Clarification Act (the "Clarification Act").

39. The Clarification Act amended FACTA retroactively, but not prospectively, to provide that "any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection [June 3, 2008] but otherwise complied with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt." This change in the law created extensive news and coverage throughout the retail world because it terminated many pending FACTA class action lawsuits. But, this final reprieve also underscored the willfulness of any retailer that continued to fail to comply with the Truncation requirement after June 3, 2008 – such as RH.

40. Defendants knew of, or should have known of, and were informed about the law, including, specifically, FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates. For example, but without limitation, several years ago, on information and belief, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express, and JCB), companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities, informed Defendants about

FACTA, including its specific requirements concerning the Truncation requirement of credit and debit card receipts, including both the truncation of the credit or debit card number and the expiration date, and Defendant's obligation to comply.

41. Defendants knew of, or should have known of, and were informed about the law, including specifically, FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates. For example, but without limitation, since at least 2004, on information and belief, Defendants' Acquiring Bank, the bank that performs verification at the point of sale for RH and accepts payment for the products or services, then later obtains payment from the customer's Issuing Bank, the bank that issued the credit card to the consumer, distributed extensive information to its merchants, including RH, regarding various aspects of credit cards and credit card use, best practices and changes in the law, including FACTA and its Truncation requirement.

42. Despite Defendants' knowing or reckless disregard of FACTA and the importance of truncating credit card and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had several years to comply with FACTA's requirements, Defendants willfully violated FACTA's requirements by, *inter alia*, printing the expiration date upon the receipts provided to members of the Class – persons with whom Defendants transact business.

43. Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt-printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date on the electronically printed receipts provided to cardholders. Defendant could and should have readily done the same.

44. Defendants willfully (intentionally or recklessly) disregarded FACTA's requirements and continued to include the prohibited information on electronically printed receipts provided to consumers with whom they entered into a credit or debit card transaction. It is noteworthy that where willfulness is a condition of civil liability, it encompasses violations of the law that are knowing or reckless. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007)("[W]here willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well . . . ."); *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1310 (11th Cir. 2009)(defendant acts willfully when he "violates the terms of the Act with knowledge or reckless disregard for the law"); *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009)("To prove a willful violation [under FACTA], a consumer must prove that [the defendant] either knowingly or recklessly violated the requirements of the Act.").

45. As detailed above, Plaintiffs believe and therefore aver that it is Defendant's policy and practice to provide customers with electronically printed receipts following credit and/or debit card point of sale transactions. Moreover, Plaintiffs believe and therefore aver that the format and/or layout of the information on Defendant's point of sale electronically printed receipts is materially the same for all customers.

46. Defendants willfully violated FACTA in reckless disregard of the rights of Plaintiffs and the members of the Class, thereby exposing Plaintiffs and the members of the Class to an increased risk of identity theft and credit and/or debit card fraud.

47. As a result of Defendants' willful violations of FACTA, Defendants are, *inter alia*, liable to Plaintiffs and each member of the Class for statutory damages in an amount of "not less than $100 and not more than $1,000" for each violation. 15 U.S.C. §1681n(a)(1)(A).

## VI. FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

48. On October 28, 2010, Plaintiff Scott Ehlers used his MasterCard credit card to purchase RH merchandise in the amount of $9.61 at a RH store located at 3964 Townsfair Way, Columbus, Ohio 43219-6067. (the "First Transaction").

49. As a result of the First Transaction, RH printed the last four digits and the expiration date of Plaintiff Scott Ehlers' credit card on a receipt provided to Plaintiff at the point of sale or transaction between Plaintiff and RH. (For privacy purposes, a redacted copy of the receipt is attached hereto as Exhibit A; an unredacted copy is available for review by the Court or Defendant upon request.). By doing so, RH violated 15 U.S.C. §1681c(g).

50. On December 2, 2010, Plaintiff Frank Harmon used his Visa credit card to purchase RH merchandise in the amount of $58.71 at a RH store located at 3964 Townsfair Way, Columbus, Ohio 43219-6067. (the "Second Transaction," or collectively with the First Transaction, the "Transactions").

51. As a result of the Second Transaction, RH printed the last four digits and the expiration date of Plaintiff Frank Harmon's credit card on a receipt provided to Plaintiff at the point of sale or transaction between Plaintiff and RH. (For privacy purposes, a redacted copy of the receipt is attached hereto as Exhibit B; an unredacted copy is available for review by the Court or Defendant upon request.). By doing so, RH violated 15 U.S.C. §1681c(g).

52. RH's violations, as alleged herein, were not an accident or an isolated oversight; rather, RH knowingly and intentionally continued to use cash registers or other machines or devices that electronically print receipts for credit card or debit card transactions that were not programmed to, or otherwise did not, comply with 15 U.S.C. §1681c(g). RH knew that its receipt-printing practice contravened the rights of consumers under FCRA and FACTA,

or, at a minimum, recklessly disregarded whether its practice contravened consumers' rights. RH ignored the law, thereby placing Plaintiffs and similarly situated customers at greater risk of identity theft.

## VII. CAUSE OF ACTION

### COUNT I

### Violation of Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681(c)

53. Plaintiffs hereby adopt and incorporate by reference paragraphs 1 to 52.

54. Plaintiffs bring this claim pursuant to the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681, *et seq.*

55. As described above, Defendants routinely violates FACTA by providing customers with electronically printed receipts for credit card and debit card point of sale transactions that contain the expiration date.

56. Defendants' violations of FACTA include the Transactions with the Plaintiffs and the transactions involving the members of the Class.

57. Defendants willfully violated FACTA, as described above.

58. Plaintiffs and Class are, as may be applicable, entitled to: (1) actual damages; (2) statutory damages; and/or (3) punitive damages.

59. Plaintiffs have retained services of undersigned counsel who are entitled to a reasonable fee upon prevailing, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class as defined herein, respectfully demand a trial by jury and pray for judgment as follows:

A. Certifying that this civil action may be maintained as a Class Action by the named Plaintiffs as representatives of the Class and that Plaintiffs' attorneys of record be designated as Class counsel;

B. Awarding compensatory, statutory, punitive and other legal damages to Plaintiffs and the Class;

C. Issuance of a permanent injunction enjoining Defendants from engaging in conduct in violation of FACTA;

D. Awarding pre-judgment and post-judgment interest to Plaintiffs and the Class, as allowed by law;

E. Awarding attorneys' fees and costs to counsel for Plaintiffs and the Class; and

F. Granting such other and further relief as is just and proper.

## VIII. JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all Counts so triable.

Date: December ___, 2010

/s/ Jonathan K. Stock
Jonathan K. Stock (OH 0065637)
(jkstock@organstocklaw.com)
Trial Attorney
Shawn J. Organ (OH 0042052)
(sjorgan@organstocklaw.com)
**ORGAN STOCK, LLP**
1335 Dublin Road, Suite 104D
Columbus, Ohio 43215
614.481.0900
614.481.0904 (facsimile)

Attorneys for Plaintiffs Scott Ehlers and Frank Harmon