UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SCOTT EHLERS, *et al.*, on behalf of himself and those similarly situated,

    Plaintiffs,

v.

RESTORATION HARDWARE, INC., *et al.*,

    Defendants.

CASE NO. 2:10-cv-01147

Judge Watson

Magistrate Judge King

## STIPULATED PROTECTIVE ORDER

1. PURPOSE AND LIMITATIONS

Disclosure and discovery activity in this action may involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. DEFINITIONS

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1

la-1121851

2.2  Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5  Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6  Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7  Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential."

2.8  Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9  House Counsel:  attorneys who are employees of a Party.

2.10  Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.11  Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development

3

process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in document form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") at the top of each page that contains Protected Material. If only a portion or portions of the material on a

page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as "CONFIDENTIAL." Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.  The designating party will be responsible for any additional costs imposed by the court reporting agency to create separately bound confidential excerpts of deposition transcripts.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected "Confidential" portions.

5.3     Inadvertent Failures to Designate.  An inadvertent failure to designate qualified information or items as "Confidential" does not waive the Designating Party's right to secure protection under this Order for such material provided that the inadvertent failure to designate is corrected within thirty (30) days of production and prior to any public filing of the qualified information with the Court.  If material is appropriately designated as "Confidential" within thirty (30) days after the material was initially produced and before any qualified information within the material is filed with the Court, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  In the event a Party objects to another Party or non-party's designation of information as Confidential, it shall specify in writing to the Designating Party those materials or categories of materials the challenging Party contends should not be designated as Confidential ("Disputed Designations") and the basis for such contention.  The Parties will then meet and confer to attempt to resolve all Disputed Designations.  If the parties are unable to resolve all Disputed Designations, any party may bring the matter to the Court for resolution.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6.3     Burden of Persuasion.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below.

Protected Material must be carefully maintained so as to limit access to only those persons entitled to receive such information.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's attorneys in this action, as well as employees and agents of said attorneys to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors and employees (including House Counsel) of any Party to whom disclosure is reasonably necessary for this litigation;

(c)     the former officers, directors and employees of any Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A);

(d)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staffs;

(g) professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" (<u>Exhibit A</u>);

(h) any testifying witness or person whom a Party's attorney believes is a potential witness, provided that no items designated as "Confidential" are left in the witnesses possession without that witness having signed the "Agreement to be Bound by Protective Order" (Exhibit A);

(i) the author or recipient of the document or the original source of the information;

(j) any person serving as a mediator or settlement administrator to whom disclosure is reasonably necessary for this litigation;

(k) any person whom counsel for the Parties agrees should have access to such materials and who has signed the "Agreement to be Bound by Protective Order" (<u>Exhibit A</u>); and

(l) any person entitled to receive Protected Material pursuant to a court order or compulsory process subject to the notifications set forth in Section 8 below.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party in writing promptly, and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or fail to comply with compulsory process.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to be Bound by Protective Order" that is attached hereto as <u>Exhibit A</u>.

10. FILING PROTECTED MATERIAL

All documents or parts thereof or testimony directly relating thereto that having been designated as CONFIDENTIAL and that are submitted to the Court prior to trial may be filed under seal with leave of Court. A party wishing to file a

CONFIDENTIAL document produced by the other party shall first contact the opposing party to determine whether that party requires said document(s) to be filed under seal. The party requesting that a document be filed under seal shall promptly file a motion with the Court requesting that such documents may be filed under seal. If the Court approves such a motion, the CONFIDENTIAL document shall be contained in a sealed envelope or envelopes on which shall be noted the caption of this case, the nature of the contents, the word CONFIDENTIAL and the following statement:

> This envelope contains material that was filed by [name of party]in Case No. 2:10-cv-01147 and is not to be opened by, nor may its contents be displayed or revealed to, anyone other than the Court or counsel in this case, except as otherwise directed by this Court. Such sealed documents shall be maintained in such condition by the Court subject to access and use for this action by the Court or counsel.

Such sealed documents shall be maintained in such condition by the Court subject to access and use for this action by the Court or counsel. In the event that a filing deadline occurs prior to a ruling on a motion to file CONFIDENTIAL documents under seal, the filing party shall provisionally file such documents under seal until the Court rules upon the motion. If the Court denies a motion to file CONFIDENTIAL documents under seal, in whole or in part, the filing party shall promptly re-file the document in accordance with the Court's order.

11.  FINAL DISPOSITION

Within ninety (90) days after final termination of the Litigation, including all appeals, any person or Party who has received Protected Material shall destroy all physical objects and documents, including working copies, which contain

Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such items contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

12.  MISCELLANEOUS

    12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

DONE AND ORDERED this 2d day of November, 2011.

                                             *s/ Norah McCann King*
                                             United States Magistrate Judge

APPROVED:

Dated: November 2, 2011

By: /s John M. Kuhl

John M. Kuhl (0080966)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6400
Facsimile: (614)719-4810
E-mail: jmkuhl@vorys.com

Counsel for Defendant Restoration Hardware, Inc.

APPROVED:

Dated: November 2, 2011

By: /s John Stock (per telephone authority)

Jonathan K. Stock (0065637)
Shawn J. Organ (0042052)
ORGAN STOCK, LLP
1335 Dublin Road, Suite 104D
Columbus, Ohio 43215
Telephone: (614) 481-0900
Facsimile: (614) 481-0904
E-mail: jkstock@organstocklaw.com
E-mail: sjorgan@organstocklaw.com

Counsel for Plaintiffs Scott Ehlers and Frank Harmon

# EXHIBIT A

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| SCOTT EHLERS, *et al.*, on behalf of himself and those similarly situated, ) ) ) | |
| Plaintiffs, ) | CASE NO. 2:10-cv-01147 |
| ) | Judge Watson |
| v. ) ) | Magistrate Judge King |
| RESTORATION HARDWARE, INC., ) *et al.*, ) ) | |
| Defendants. ) _____) | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she: (1) has read the foregoing Protective Order; (2) understands the terms of the Protective Order; (3) agrees to be bound by the terms of the Protective Order; and (4) agrees to submit to the jurisdiction of the United States District Court for the Southern District of Ohio for the enforcement of the Protective Order.

_____    _____
Signature                                Date


_____
Corporation


_____
Printed Name and Title