UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Scott Ehlers, on behalf of himself and others similarly situated,<br><br>and<br><br>Frank Harmon, on behalf of himself and others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Restoration Hardware, Inc.<br><br>　　　　Defendants. | Case No. 2:10-cv-01147-MHW-NMK<br><br>Judge: Michael H. Watson<br><br>Magistrate Judge: Norah McCann King |
| Susan Giordano, individually and on behalf of a class,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Restoration Hardware, Inc.<br><br>　　　　Defendant. | Case No. 2:11-cv-00614-MHW-NMK<br><br>Judge: Michael H. Watson<br><br>Magistrate Judge: Norah McCann King |

## ORDER GRANTING MOTION TO CERTIFY SETTLMENT CLASS AND GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The parties to the above-captioned cases have entered into a Settlement Agreement and Release ("Settlement Agreement"), which if approved, would resolve each of the two putative class actions (the "Lawsuits") brought under the Fair and Accurate Credit Transaction Act as amended ("FACTA"), 15 U.S.C. §1681, *et seq*. Plaintiffs Scott Ehlers, Frank Harmon, and Susan Giordano have filed a Motion to Certify Settlement Class and Grant Preliminary Approval of Proposed Class Settlement ("Motion for Preliminary Approval"). The Defendant in each

1

action, Restoration Hardware, Inc. ("Restoration Hardware" or the "Defendant") does not oppose Plaintiffs' Motion for Preliminary Approval. The Plaintiffs and Defendant are all signatories to the Settlement Agreement.

The Court has now reviewed and considered Plaintiffs' Motion for Preliminary Approval, including the attached Settlement Agreement. Upon careful consideration and for good cause, the Court hereby finds sufficient basis for: (1) granting preliminary approval of the Settlement Agreement; (2) certifying a class for settlement purposes only; (3) appointing Plaintiffs Scott Ehlers, Frank Harmon, and Susan Giordano as Class Representatives and their attorneys as Class Counsel; (4) directing notice be disseminated to the settlement class; and (5) setting a hearing at which time the Court will decide whether to grant final approval of the settlement.

The Court now GRANTS the Motion for Preliminary Approval and makes the following findings and orders:

1. The Court hereby certifies, for settlement purposes only, the following settlement Class (the "Class" or "Settlement Class") pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons to whom Restoration Hardware, Inc. provided an electronically printed receipt at the point of sale or transaction from March 3, 2010 to January 10, 2011 that displays: (1) more than the last five digits of the person's credit card or debit card number and/or (2) the expiration date of the person's credit card or debit card.

2. The Court appoints Plaintiffs Scott Ehlers, Frank Harmon, and Susan Giordano as Class Representatives.

3. The Court appoints the following law firms as Settlement Class Counsel: (1) the law firm of Organ Cole + Stock LLP and its attorneys Jonathan K. Stock, Shawn J. Organ, and

Douglas R. Cole; and (2) the law firm of Edelman, Combs, Latturner & Goodwin, LLC and its attorney Cathleen M. Combs.

4. The Court finds, for purposes of settlement only, that the Settlement Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Class is so numerous that joinder of all Class Members would be impractical, if not impossible. Common issues exist among Class Members and predominate over questions affecting individual Class Members. The common issues that predominate in this case include whether Defendant provided Class Members with receipts at the point of sale in violation of FACTA. The claims of the named Plaintiffs under FACTA are not only typical, but identical, to those of the Class. The named Plaintiffs and their counsel will fairly and adequately protect the interests of the Class as the named Plaintiffs have no interest antagonistic to the Class, and have retained experienced and competent counsel to prosecute this matter on behalf of the Class. Finally, a class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

5. The Court grants preliminary approval for the settlement. Upon review of the Settlement Agreement, the Court finds that its terms appear sufficiently fair and reasonable to warrant providing notice of the settlement to the Class. Specifically, the Settlement Agreement allows each Class Member to receive, at the Class Member's choice, either a discount certificate for 25% off any purchase from Restoration Hardware up to $1,000.00 (the "Certificate") or, in the alternative, a gift card in the amount of $20.00 (the "Gift Card," or collectively with the Certificate, the "Class Benefit"). The Settlement Agreement contains no obvious deficiencies and the parties have entered into the Settlement Agreement in good faith, following a prolonged, arm's-length negotiation among counsel for the respective parties.

6. Based upon a careful review of the Settlement Agreement and the forms of notice attached thereto (including a Detailed Notice, the Mail Notice, the E-mail Notice, and the Publication Notice), the Court approves both the form of the notices and the procedures set forth in the Settlement Agreement for disseminating notice to the Class. The Court finds that the Settlement Agreement provides the best notice practicable under the circumstances, and constitutes valid and sufficient notice to the Class consistent with the obligations of due process. *See also* Settlement Agreement at 10(F) (stating that Defendant believes it has "customer contact information (valid United States postal address or e-mail address) for approximately 70% of the over one million (1,000,000) point-of-sale credit card transactions included as part of this settlement.").

7. Notice of the settlement to the Class (the "Class Notice") shall include:

A. <u>Mail Notice</u>. Within thirty (30) days after the entry of this Preliminary Approval Order, Restoration Hardware, through the Settlement Administrator (as defined in the Settlement Agreement), shall send a mail notice to all Class Members for whom Restoration Hardware has a valid United States postal address. The notice shall be substantially similar to the Mail Notice attached to the Settlement Agreement as Exhibit 2. Each Mail Notice shall: (1) include the Certificate; (2) notify Class Members how they may exchange the Certificate for the Gift Card; and (3) explain how Class Members can access the Detailed Notice on the Website (*i.e.*, the settlement website maintained by the Settlement Administrator).

B. <u>E-mail Notice</u>. Within thirty (30) days after the entry of this Preliminary Approval Order, Restoration Hardware shall send an e-mail notice to all Class Members for whom Restoration Hardware has a valid e-mail address. The notice shall be substantially similar to the E-mail Notice attached to the Settlement Agreement as Exhibit 3. Each E-mail Notice

shall include: (1) a Claim Form (either in the body of the e-mail or as an attachment) that is substantially similar to the Claim Form attached to the Settlement Agreement as Exhibit 5; and (2) and explain how Class Members can access the Detailed Notice on the Website.

        C.    <u>Notice by Publication</u>. Starting no later than thirty (30) days after entry of this Preliminary Approval Order and ending before sixty (60) days after entry of the Preliminary Approval Order, Restoration Hardware, through the Settlement Administrator, shall publish notice of the proposed settlement in USA Today. This notice shall be substantially similar to the Publication Notice attached to the Settlement Agreement as Exhibit 4. The Publication Notice shall: (1) appear as a quarter-page advertisement; (2) run in two consecutive daily editions of the USA Today newspaper; and (3) explain how Class Members may access the Detailed Notice and the Claim Form on the Website.

        D.    <u>Notice on Website</u>. Within thirty (30) days after the entry of this Preliminary Approval Order, Restoration Hardware, through the Settlement Administrator, shall make available to the public the Website described in paragraph 4(C) of the Settlement Agreement. The Website shall contain information relating to the proposed settlement, including a copy of the Settlement Agreement, the Detailed Notice, the Claim Form(s), this Preliminary Approval Order, and Settlement Class Counsel's motions for attorneys' fees and class representative incentive awards.

8.     CAFA Notice: Within thirty (30) days after entry of this Preliminary Approval Order Restoration Hardware shall file with the Court a "Notice of Compliance with 28 U.S.C. § 1715."

9.     Defendant shall bear all costs and expenses associated with providing notice to the Class, complying with 28 U.S.C. § 1715(b) and administering the proposed settlement.

10. A hearing on final approval of the Settlement Agreement, an award of fees and expenses to Settlement Class Counsel, and incentive awards to the named Plaintiffs (the "Fairness Hearing") shall be held at 11:00 am on Tuesday, March 11, 2014, before the undersigned in Courtroom 109 at the United States District Court for the Southern District of Ohio, Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215. At the Fairness Hearing, the Court will consider: (a) whether the Settlement should be approved as fair, reasonable, and adequate for the class; (b) whether a judgment granting approval of the Settlement Agreement and dismissing the Lawsuits with prejudice should be entered; and (c) whether Settlement Class Counsel's application for attorneys' fees and expenses and incentive awards for the named Plaintiffs should be granted.

11. Motions for Fees: Settlement Class Counsel shall file their motions for attorneys' fees and expenses and incentive award payments to the Class Representatives (the "Motion(s) for Fees") no later than thirty (30) days after the entry of this Preliminary Approval Order. Restoration Hardware, to the extent consistent with the Settlement Agreement, may file objections or an opposition to the Motion(s) for Fees, if any, within eighty (80) days after the entry of this Preliminary Approval Order. Settlement Class Counsel may file a reply in support of their Motions for Fees no later than one hundred (100) days after the entry of this Preliminary Approval Order.

12. Settlement Class Members may request to be excluded from the proposed settlement. All Settlement Class Members who properly submit a timely written request for exclusion from the Settlement Class shall be excluded from the Settlement Class and shall have no rights or obligations as Settlement Class Members. A request for exclusion must be in writing and state:

(a) the names of the Lawsuits (in other words, the Ehlers Lawsuit and the Giordano Lawsuit);

(b) the full name, address, and telephone number of the person seeking exclusion;

(c) the words "Request for Exclusion" at the top of the document; and

(d) a signed statement that: "I hereby request that I be excluded from the proposed Settlement Class in the FACTA litigation against Restoration Hardware. I understand that by requesting to be excluded from the Settlement Class, I will not receive any benefits under the settlement."

The request for exclusion must be mailed to the Settlement Administrator at the address identified in the Class Notice within seventy-five (75) days after the date that this Preliminary Approval Order is entered ("the Opt-Out Deadline"). A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Class Notice, or that is not received within the time specified, shall be invalid and the person serving such a request shall, if the settlement is approved, be a member of the Settlement Class and shall be bound by any judgment entered herein with respect to the Settlement Class. If the Settlement Class Member seeking exclusion received direct Mail Notice of the settlement with the Certificate, the Mail Notice must be returned with the request for exclusion for the request to be valid.

Restoration Hardware's counsel shall provide a list of all Requests for Exclusion to Settlement Class Counsel within ten (10) business days after the Opt-Out Deadline and shall work with the Claims Administrator to prepare a declaration to be filed with the Court within one hundred (100) days after this Preliminary Approval Order, reporting any Settlement Class Members requesting exclusion.

13. Settlement Class Members may also object to the proposed settlement. Any Settlement Class Member who objects to the Settlement Agreement or the Motions for Fees may appear in person or through counsel, at his or her own expense, at the Fairness Hearing to present any evidence or argument that may be proper and relevant. No Settlement Class Member shall

be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court unless no later than seventy-five (75) days after entry of this Preliminary Approval Order, the Settlement Class Member files with the Clerk of Court and mails to Settlement Class Counsel and Counsel for Restoration Hardware, written objections that include

      (a) the names of the Lawsuits (in other words, the Ehlers Lawsuit and the Giordano Lawsuit);

      (b) the full name, address, and telephone number of the person objecting;

      (c) a statement of membership in the Settlement Class;

      (d) the word "Objection" at the top of the document; and

      (e) the legal and factual arguments supporting the objection.

In addition, if the Settlement Class Member intends to appear at the Fairness Hearing, the objection must also include:

      (a) a notice of intention to appear;

      (b) the points the person wishes to speak about at the hearing; and

      (c) the identity (name, address, and telephone number) of any lawyer who will speak on the person's behalf.

Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in the Lawsuits or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement or Motions for Fees.

      14.    Within one hundred days (100) days after entry of this Preliminary Approval Order: (1) Plaintiffs shall apply for final approval of the settlement and request from the Court a Final Judgment and Order Approving Settlement; (2) Restoration Hardware shall file or cause to be filed a declaration attesting that Class Notice was accomplished in accordance with the terms

of the Settlement Agreement and this Preliminary Approval Order; and (3) the parties may file responses to objections, if any, submitted by Settlement Class Members.

15. The Court reserves the right to modify the date and time of the Fairness Hearing and related deadlines. If the Court alters any of those dates or times, the revised dates and times shall be posted on the settlement Website maintained by the Settlement Administrator. The parties will not be required to resend or republish class notice.

16. The deadlines set by this Preliminary Approval Order are summarized as follows:

    a. As set forth in the Settlement Agreement, Restoration Hardware shall send Mail Notice and E-mail Notice to the Settlement Class and make available the settlement Website within thirty (30) days of the date of this Order. Restoration Hardware shall publish Notice starting no later than thirty (30) days of the date of this Order and ending before sixty (60) days of the date of this Order.

    b. Restoration Hardware shall file with the Court a "Notice of Compliance with 28 U.S.C. § 1715" within thirty (30) days of the date of this Order.

    c. Plaintiffs shall file their Motions for Fees within thirty (30) days of the date of this Order. Restoration Hardware shall file any objections or opposition to the Motions for Fees within eighty (80) days of the date of this Order. Plaintiffs may file any replies in support of their Motions for Fees within one hundred (100) days of the date this Order.

    d. Settlement Class Members shall submit Requests for Exclusion, objections, or Claim Forms, if they so elect, within seventy-five (75) days of the date of this Order.

e.  Responses to any objections submitted by Settlement Class Members shall be filed within one hundred (100) days of the date of this Order.

f.  Plaintiffs' Motion for Final Approval of the Settlement Agreement and any other papers supporting final approval within one hundred (100) days of the date of this Order.

g.  Restoration Hardware shall file declarations attesting that Class Notice was accomplished in accordance with this Order and reporting any Settlement Class Members requesting exclusion within one hundred (100) days of the date of this Order.

h.  On Tuesday, March 11, 2014, at 11:00 am, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.

Dated: October 16, 2013

*/s/ Michael H. Watson*
Hon. Michael H. Watson
United States District Judge