# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Scott Ehlers and Frank Harmon,
on behalf of themselves and
others similarly situated,

        Plaintiffs,

v.

Restoration Hardware, Inc.,

        Defendant.

Case No. 2:10–cv–1147

Judge Michael H. Watson

Susan Giordano, individually and on
behalf of a class,

        Plaintiff,

v.

Restoration Hardware, Inc.,

        Defendant.

Case No. 2:11–cv–614

Judge Michael H. Watson

## OPINION AND ORDER

Plaintiffs bring these class actions asserting that Defendant violated the

Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681(c)(g) ("FACTA"), by

providing electronically printed receipts that displayed more of the class

members' credit card information than FACTA permits. The Parties reached a

Settlement Agreement on March 28, 2013. The Court now considers Plaintiffs'

Motions for Final Approval of the Class Action Settlement in both cases.

## I. APPROVAL OF PROPOSED CLASS SETTLEMENT

"This Court recognizes that settlement of class actions is generally favored and encouraged." *Wess v. Storey,* No. 2:08–cv–623, 2011 WL 1463609, at *1 (S.D. Ohio Apr. 14, 2011); *In re Broadwing, Inc. ERISA Litigation*, 252 F.R.D. 369, 371 (S.D. Ohio 2006). "Nonetheless, '[c]lass actions are unique creatures with enormous potential for good and evil.'" *In re Broadwing*, 252 F.R.D. at 371– 72 (quoting *Johnson v. General Motors Corp.,* 598 F.2d 432, 439 (6th Cir. 1979) (Fay, J., concurring)). "One such evil the court must guard against is a collusive tradeoff of a large award of attorney fees for class counsel in return for a small settlement for the class and a release of claims." *Id.* at 372; *see also Moulton v. U.S. Steel Corp.,* 581 F.3d 344, 351 (6th Cir. 2009). "In recognition of this, Fed. R. Civ. P. 23(e) provides important protections for class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties." *In re Broadwing*, 252 F.R.D. at 372. To this end, Rule 23(e) requires three steps for the approval of a proposed class action settlement:

1. The Court must preliminarily approve the proposed settlement;

2. Members of the class must be given notice of the proposed settlement; and

3. A fairness hearing must be held, after which the court must determine whether the proposed settlement is fair, reasonable and adequate.

Fed. R. Civ. P. 23(e); *In re Broadwing*, 252 F.R.D. at 372. In the instant case, the first two steps have been satisfied. The Court has preliminarily approved the proposed Settlement. In addition, the class was given notice of the proposed

Settlement. The Court finds that the notice was the best notice practicable under the circumstances. In addition, the Court conducted a fairness hearing on March 11, 2014. Thus, it only remains for this Court to decide whether the Settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(1)(c).

The determination of whether a proposed class settlement is fair, reasonable and adequate requires the Court to consider and balance several factors, which include:

1. Plaintiffs' likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement;

2. The complexity, expense and likely duration of the litigation;

3. The stage of the proceedings and the amount of discovery completed;

4. The judgment of experienced trial counsel;

5. The nature of the negotiations;

6. The objections raised by the class members; and

7. The public interest.

*In re Broadwing*, 252 F.R.D. at 372; *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.C.C.*, 636 F.3d 235, 244–45 (6th Cir. 2011); *Moulton*, 581 F.3d at 349.

## A. Likelihood of Ultimate Success on the Merits Balanced Against the Amount and Form of Relief Offered in the Settlement

### 1. The Likelihood of Ultimate Success on the Merits

"'The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits.'" *In re Broadwing*, 252 F.R.D. at 372 (quoting *In re General Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984)). Under FACTA, it is not enough for the Named Plaintiffs simply to show that Restoration Hardware printed the prohibited credit card information on the receipt. Rather, Named Plaintiffs must also prove that Restoration Hardware acted willfully. 15 U.S.C. § 1681n(a). The United States Supreme Court has interpreted this requirement liberally to include reckless violations, *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007); however, this does not diminish the difficulties, expense, and delay inherent in establishing class-wide liability. Indeed, another federal court explained its approval of a FACTA class action settlement by highlighting this very point: "[r]isk in establishing liability weighs substantially in favor of settlement approval and is the critical factor in this Court's determination." *Klingensmith v. Max & Erma's Restaurants, Inc.*, No. 07-318, 2007 WL 3118505, *4 (W.D. Pa. Oct. 23, 2007). Thus, even if a defendant indisputably printed receipts in violation of FACTA, the challenge comes in establishing a willful violation.

Therefore, due to the inherent difficulty of proving recklessness, Named Plaintiffs' likelihood of success on the merits is uncertain. This factor weighs in favor of approval of the proposed Settlement.

## 2. The Amount and Form of Relief Offered in the Settlement

"The determination of what constitutes a 'reasonable' settlement is not susceptible of a mathematical equation yielding a particularized sum. Rather . . . in any case, there is a range of reasonableness with respect to a settlement." *In re Broadwing*, 252 F.R.D. at 373 (internal quotes omitted). The Court need not decide the amount of a potential recovery at trial, since the approval of the settlement should not involve a trial on the merits. *Id.* Here, the proposed Settlement provides benefits that fall well within that "range of reasonableness." *Id.*

The proposed Settlement strikes an appropriate balance between obtaining relief for the class and the probable difficulties involved if the litigation were to continue. While the majority of FACTA settlements have provided a more modest recovery, the Class Benefit here is substantial. In this case, class members are receiving either a Certificate or a Gift Card. Settlement Agreement at § 3. The Certificate has a maximum value of $250. *Id.* This total benefit exceeds the value of prior FACTA coupon settlements that have received court approval. Furthermore, it is important to note that the Defendant took proactive measures by sending the Certificates to the Class Members, in conjunction with the notice, which greatly reduced costs and provided prompt relief to the Class. The overall

response by the Class Members to the proposed Settlement and to Defendant's proactive measures in supplying relief has been positive.

The Settlement is also generous relative to the limited recovery otherwise available under FACTA. For any willful or reckless violation, a defendant is liable for statutory damages in the amount of "not less than $100 and not more than $1,000" for each violation. 15 U.S.C. § 1681n(a)(1)(A). Thus, even if the Named Plaintiffs succeed in proving willfulness, any damages might fall on the lower end of the statutory range. By comparison, the Settlement provides a maximum value to each class member of $250, which reasonably compensates the class relative to the potential value of their claims.

Notably, the proposed Settlement is readily distinguishable from the class action settlement reversed in *In re Dry Max Pampers Litigation,* 724 F.3d 713 (6th Cir. 2013). The class in that particular case was comprised of consumers who purchased certain Pampers diapers. The parties and their counsel negotiated a settlement that awarded each of the named plaintiffs $1,000 per "affected child," awarded class counsel $2.73 million, but provided class members with "nearly worthless injunctive relief." *Id.* at 715. Included in the settlement "relief" was a minor labeling change, an addition to the Pampers website, and the possibility of a one-box refund conditional on the possession of the original receipt and UPC code from the allegedly defective box of diapers, items that few if any class members likely would have kept. *Id.* at 716. The Sixth Circuit reversed the district court's approval, finding the settlement to be disproportionately

preferential towards the named plaintiffs and class counsel, while providing only perfunctory relief to the unnamed class members. *Id.* at 718. Here, the amount and form of the relief offered by the Defendant is neither preferential nor perfunctory. The Settlement Agreement provides appropriate relief to all unnamed Class Members who wish to obtain it. Unlike the agreement reached in *Pampers*, which only provided illusory relief, the Class Members here are afforded actual substantive relief in the form of the Certificate or Gift Card.

When the Class Benefit is balanced against the likelihood of success on the merits, the Settlement Agreement falls well within the range of reasonableness. Therefore, this factor weighs in favor of approving the proposed Settlement Agreement.

## B.    Complexity, Expense and Likely Duration of the Litigation

"In general, most class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *In re Broadwing*, 252 F.R.D. at 373 (quotes omitted). Here, the difficulty Named Plaintiffs would encounter in proving their claims, the substantial litigation expenses, and a possible delay in recovery due to the appellate process, provide justifications for this Court's approval of the proposed Settlement Agreement.

The Parties have already been litigating for about three years. Given the amount at stake, it is reasonable to expect the prevailing party to face an appeal. The Settlement Agreement presents the opportunity for a prompt, reasonable,

and certain economic benefit to the Class Members, with relatively limited costs and fees incurred.

In order to litigate this case through trial, the Parties would need to restart discovery, conduct numerous additional depositions, focus considerable discovery efforts on the issue of willfulness, address dispositive motions, and prepare for a trial. During this time, the Parties would encounter substantial expense and delay. Thus, settling the case now, before significant sums are spent on costs and fees by both sides, will result in an substantial saving of time, resources, and money to the Parties, the Class, and the Court.

The proposed Settlement also avoids a number of complexities that the Parties would have to address if litigation were to continue. While some of the Plaintiffs' claims regarding the prohibited information printed on Class Members' receipts may seem straight forward, a trial to establish willfulness is another matter. In that regard, Restoration Hardware's central affirmative defense involves claims that it fell out of compliance with FACTA following a software upgrade that it received from third-party software provider Epicor in the Spring of 2010. ECF No. 25. It is this upgrade that Restoration Hardware claims caused its credit card receipts to begin showing an unmasked expiration date. *Id.* Overcoming this affirmative defense throughout the remainder of litigation would be no small matter.

If the Settlement Class were to recover a judgment greater than the current Settlement Agreement, the additional delay due to post trial motions and the

appellate process could deny Class Members a recovery for years. *In re Broadwing*, 252 F.R.D. at. 374. Given the time value of money, a future recovery—even one greater than the proposed Settlement Agreement—might be less valuable to the Settlement Class than receiving the benefits of the proposed Settlement Agreement now. To delay this matter further would not substantially benefit the Settlement Class. *Id.*; *Brotherton v. Cleveland,* 141 F. Supp. 2d 894, 903 (S.D. Ohio 2001).

Hence, this factor also weighs in favor of approving the Settlement Agreement. It secures a substantial benefit for the Settlement Class in a highly complex action, undiminished by further expenses, and without delay, additional costs, and uncertainty of protracted litigation.

## C.     Stage of the Proceedings and the Amount of Discovery Completed

To ensure that Named Plaintiffs have had access to sufficient information to evaluate their case and to assess the adequacy of the proposed Settlement Agreement, the stage of the proceedings and the discovery taken must be considered. *In re Broadwing*, 252 F.R.D. at 374; *Kogan v. AIMCO Fox Chase, L.P.,* 193 F.R.D. 496, 502 (E.D. Mich. 2000). The Settlement Agreement was reached just under two-and-a-half years after the original litigation commenced. During that time, both parties engaged in substantial discovery practice. For example, Named Plaintiffs served Restoration Hardware with separate sets of document requests, interrogatories, and requests for admission. In conjunction

with its responses, Restoration Hardware produced over a thousand pages of documents and over one-hundred written responses to detailed discovery requests. Plaintiffs Ehlers and Harmon also served a subpoena on third-party software provider Epicor. In addition, Class Counsel traveled to California to depose Restoration Hardware's 30(b)(6) representative who testified on Restoration Hardware's behalf concerning numerous topics. Restoration Hardware took the depositions of each of the three Plaintiffs, and in connection with those depositions, propounded requests for production. The Parties, in agreeing to the Settlement, had the full benefit of this discovery and have a "'clear view of the strengths and weaknesses of their cases.'" *In re Broadwing*, 252 F.R.D. at 374 (quoting *In re Warner Comm.'s Sec. Litig.*, 618 F. Supp. 735, 745 (S.D.N.Y. 1995), *aff'd*, 798 F.3d 35 (2d Cir. 1986)).

The record before this Court demonstrates that the Parties have been afforded an adequate opportunity to conduct sufficient discovery and to be fully apprised about the legal and factual issues presented, as well as the strengths and weaknesses of their cases. Both sides made a well-informed decision to enter into the Settlement Agreement. This factor weighs in favor of approving the proposed Settlement Agreement.

## D. Judgment of Experienced Trial Counsel

"It is well settled that, in approving a class action settlement, a court 'should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.'" *In re Broadwing*, 252 F.R.D. at 375 (quoting *Williams v.*

*Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)). "'Significantly, however, the deference afforded counsel should correspond to the amount of discovery completed and the character of the evidence uncovered.'" *Id.* (quoting *Williams*, 720 F.2d at 923). "'The court should insure that the interests of counsel and the named plaintiffs are not unjustifiably advanced at the expense of unnamed class members.'" *Id.* (quoting *Williams v. Vukovich*, 720 F.2d at 923). "Furthermore, a court's approval is contingent upon 'proof that the settlement was the product of arm's-length bargaining entered into after there had been sufficient discovery to enable counsel to act intelligently.'" *Id.* (quoting *Stull v. Baker*, 410 F. Supp. 1326, 1332 (D.C.N.Y. 1976).

In the instant case, all Parties were represented by competent and experienced trial counsel familiar with class actions. Counsel for both sides urge final approval of the Settlement Agreement based upon their experience, their knowledge of the strengths and weaknesses of the case, their analysis of the discovery reviewed to date, the likely recovery at trial, and potential outcome on appeal in evaluating the Settlement Agreement. In addition, the Settlement Agreement was negotiated vigorously and at arm's length by Named Plaintiffs and their counsel on behalf of the Class. Given these circumstances, the Court has good cause to defer to the judgment of counsel. This factor weighs in favor of approving the Settlement Agreement.

## E.    Nature of the Negotiations

The Court has given significant weight to the belief of experienced counsel that the settlement is in the best interest of the class. *In re Broadwing*, 252 F.R.D. at 375.    Nonetheless, the Court must also determine whether the settlement was non-collusive and was reached through arms-length negotiations. *Id.*

In the case at bar, the Settlement Agreement was negotiated in an adversarial manner after substantial factual investigation, legal analysis, and expert investigation and consultation.    Throughout the negotiation process, the Parties: (1) participated in a private mediation in January 2012; (2) attended a settlement week conference in June 2012; (3) engaged in numerous discussions to negotiate the terms of the Settlement; (4) prepared multiple drafts and revisions of the Settlement Agreement and related documents; (5) notified the Court of the successful settlement of all class-related issues; (6) attended multiple status conferences with the Court to update the Court on the Parties' progress; and (7) attended a mediation before Magistrate Judge Abel in January 2013 regarding the issue of attorneys' fees.    This process took more than fifteen months, and during much of that time the Parties continued to conduct discovery. In light of the nature and duration of the parties' negotiations, the Court concludes that the Settlement Agreement was reached in good faith.    This factor weighs in favor of approving the Settlement Agreement.

**F.    Objections Raised by the Class Members**

In considering a class action settlement, the Court should look to the reaction of the class members. *In re Broadwing*, 252 F.R.D. at 376. "Of course, the fact that some class members object to the settlement does not by itself prevent the court from approving the agreement." *Id.* (internal quotes omitted). "Rather, the small number of objectors is a good indication of the fairness of the settlement." *Id.* (quotes omitted). A settlement is "presumptively reasonable" once preliminary approval is entered and "[a]n individual who objects, consequently, has a heavy burden of demonstrating that the [settlement] is unreasonable." *Bronson v. Bd. of Educ.*, 604 F. Supp. 68, 71–72 (S.D. Ohio 1984) (citations omitted).

Here, the Court directed class notice of the Settlement. As part of the required notice, Restoration Hardware informed class members of their rights to object and of the deadline to submit objections to the Court. Only a single objection was filed on behalf of two class members in the *Ehlers* case. Their objection argued that the proposed settlement did not meets the standard of *Dry Max Pampers Litigation*. As discussed above, the proposed settlement in these cases hardly resembles *Dry Max Pampers Litigation*, in which the class attorneys and named plaintiffs received substantial awards, but the class members received virtually nothing. No other class members filed an objection (timely or otherwise), and no class members requested to appear at the Fairness Hearing.

In contrast: (1) over 250,000 class members received the Certificate; (2) over 17,000 class members submitted requests to exchange the Certificate for a Gift Card; and (3) over 4,000 class members submitted a valid claim form requesting either the Certificate or Gift Card.

Based on the foregoing, the Settlement Class reaction indicates the Settlement Class supports the Settlement Agreement.

## G.    Public Interest

While these cases are not of general public interest, there is certainly a public interest in settlement of disputed cases that require substantial federal judicial resources to supervise and resolve. *In re Broadwing*, 252 F.R.D. at 376. In the instant cases, the Settlement Agreement ends potentially long and protracted litigation and frees the Court's valuable judicial resources. *Id.* Further, the Settlement Agreement promotes the enforcement of FACTA and the public policy concerns that underpin the statute. This factor also weighs in favor of approving the Settlement Agreement.

All seven factors weigh in favor of approving of the Settlement Agreement. Accordingly, the Court **APPROVES** the Settlement Agreement as fair, reasonable, and adequate in both cases. The Court will proceed to determine whether the proposed Class meets the requirements of Federal Rule of Civil Procedure 23.

## II. CLASS CERTIFICATION

The benefits of a settlement can be realized only through the final certification of a settlement class. As shown below, the proposed Settlement Class MEETS each requirement of Rule 23(a) and (b)(2).

## A.    Rule 23(a) Requirements

The four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—are well recognized and defined by the courts. *In re Broadwing*, 252 F.R.D. at 376. As demonstrated below, these four requirements are satisfied by the Settlement Class in this action.

### 1.    Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This requirement is not amenable to a strict numerical test. *In re Broadwing*, 252 F.R.D. at 376. The Court must examine this factor in light of the specific facts of the case. *Id.* Nonetheless, common sense dictates that at some point numbers alone will satisfy the numerosity requirement. *Id.*

In the instant case, over 250,000 Class Members received the Class Benefit, in the form of the Certificate, accompanying notice by mail and e-mail. Therefore, there is no question that the class is so numerous that joinder of all members would be impracticable. Thus, Rule 23(a)(1) is satisfied as to the Settlement Class.

## 2. Commonality

Rule 23(a)(2) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A litigant must show that the common question or questions can "generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The common question "must be of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "Not every common question satisfies the commonality requirement; at some point of generality and abstraction almost any set of claims exhibits commonality." *In re Broadwing*, 252 F.R.D. at 377 (citing *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (en banc)). Rather, to satisfy Rule 23(a)(2), the case must present a common issue the resolution of which will advance the litigation. *Id.*

Here, the Settlement Class claims involve common questions of law or fact—namely, Defendant Restoration Hardware provided electronically printed receipts at the point of sale or transaction, between March 3, 2010 and January 10, 2011, that displayed the Class Member's credit card information in a manner that violated FACTA. Because common questions of law and fact are present, Rule 23(a)(2) is satisfied as to the Settlement Class.

## 3. Typicality

Under Rule 23(a)(3), "the claims or defenses of the representative parties [shall be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).

> Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to the class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.

In re Am. Med. Sys. Inc., 75 F.3d 1069, 1082 (6th Cir. 1996) (quoting Newberg, § 3-13 at 3-76 (footnote omitted)). "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." Sprague, 133 F.3d at 399. Differing degrees of injury among class members does not necessarily defeat typicality if the basic injury each class member asserts is the same. In re Broadwing, 252 F.R.D. at 377; (citing Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 885 (6th Cir. 1997)). Likewise, typicality may be found even if different defenses may apply to some class members. Id.

Here, the Plaintiffs' claims arise from the same course of conduct and are predicated on the same legal theories and alleged injury as the claims of all other Class members. Therefore, Rule 23(a)(3) is satisfied as to the Settlement Class.

### 4. Adequacy of Representation

Rule 23(a)(4) requires "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Due process demands this inasmuch as a final judgment will bind all class members. In re Broadwing, 252 F.R.D. at 378; In Re Am. Med. Sys., 75 F.3d at 1083.

To establish adequacy of representation, plaintiffs must satisfy two elements. First, the representative must have interests common with the unnamed members of the class. *In re Broadwing*, 252 F.R.D. at 378. Second, it must be shown that the representatives—through qualified counsel—will vigorously prosecute the interests of the class. *Id.*

The first element is satisfied. The Named Plaintiffs and each class member have been subjected to the same alleged misconduct, and each has the same interest in achieving the best possible result. Thus, no antagonism exists between the objectives of the Named Plaintiffs and the unnamed class members and, as a result, the Named Plaintiffs satisfy the first criteria of the above-referenced test for adequacy of representation.

The second element is satisfied as well. Named Plaintiffs have shown that they are more than adequate representatives for the Settlement Class. Plaintiffs' Counsel are experienced in representing plaintiffs in class action and complex litigation. Moreover, the record indicates Plaintiffs' Counsel vigorously and effectively pursued the interests of the Settlement Class.

In *Pampers*, the court determined that, as a result of the preferential treatment, the class representatives and class counsel did not vigorously prosecute the interests of the class. *Pampers,* 724 F.3d at 721. It determined that, even if the awards given to the class representatives were deemed "incentive" awards, having been promised the award, the representatives had no motive to vigorously defend the interests of the unnamed class members. *Id.* at

722. Furthermore, the Sixth Circuit determined that the $2.73 million fee award was unreasonably disproportionate to the amount of relief acquired for the unnamed class members through the settlement agreement. *Id.* at 718.

Here, Named Plaintiffs, through Class Counsel, vigorously prosecuted the interests of the Class as a whole. The modest incentive awards and reasonable attorneys' fees included in the proposed Settlement are both appropriate in this instance when compared to the relief the Settlement provides to class members. Therefore, Rule 23(a)(4) is satisfied as to the Settlement Class.

## B. Rule 23(b) Analysis

To be properly certified, a class action must satisfy each of the four requirements of Rule 23(a) and must also pass at least one of the tests set forth in Rule 23(b). Rule 23(b) provides:

> A class action may be maintained if Rule 23(a) is satisfied and if:
>
> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

Certification of the Settlement Class is appropriate under Rule 23(b)(2) because Plaintiffs' and the Class's claims are based on conduct by Defendant that is "generally applicable to the class." Rule 23(b)(2). Plaintiffs allege that Restoration Hardware violated FACTA by providing electronically printed receipts at the point of sale that displayed prohibited, private credit card information. This conduct affected all members of the Class and, thus, class certification under Rule 23(b)(2) is appropriate because it cannot reasonably be disputed that the conduct was "generally applicable to the class." Rule 23(b)(2).

For the above reasons, the Courts grants Plaintiffs' motion to approve the Settlement Class in both cases. Accordingly, the Court **APPROVES** the maintenance of the Action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), with the Class being defined as follows:

all persons to whom Restoration Hardware, Inc. provided an electronically printed receipt at the point of sale or transaction from March 3, 2010 to January 10, 2011 that displays: (1) more than the last five digits of the person's credit card or debit card number; and/or (2) the expiration date of the person's credit card or debit card.

## III. ATTORNEYS' FEES, COSTS, AND INCENTIVE PAYMENTS

Plaintiffs' Counsel have achieved a proposed Settlement that includes class-wide relief through the Certificate and Gift Card options, which have already been distributed to the large majority of Class Members. The Settlement Agreement is the result of arm's-length negotiations by experienced counsel. The Settlement Agreement was presented to this Court for final approval only after Plaintiffs' Counsel determined that the Settlement was in the best interests of the Class.

This action was undertaken and prosecuted by Plaintiffs' Counsel on a wholly contingent basis. As required, Class Counsel timely submitted Fee Motions in their respective cases. Plaintiffs have requested that the Court award: (1) a $3,500 incentive award to each Class Representative; (2) attorneys' fees and costs of $765,000 in the *Ehlers* case; and (3) attorney's fees and costs of $70,000 in the *Giordano* case. Restoration Hardware does not oppose Plaintiffs' request in these amounts.

The Court must ensure that class counsel are fairly compensated for the amount of work done and the results achieved. *In re Broadwing*, 252 F.R.D. at 380 (citing *Rawlings v. Prudential-Bache Props, Inc.*, 9 F.3d 513, 516 (6th Cir.

1993)). The core inquiry is whether an award is reasonable under the circumstances. *Id.*

The Sixth Circuit has identified six factors for consideration in determining the reasonableness of a fee award:

1. The value of the benefit rendered to the class;

2. Society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;

3. Whether the services were undertaken on a contingent fee basis;

4. The value of the services on an hourly basis;

5. The complexity of the litigation; and,

6. The professional skill and standing of counsel on both sides.

*Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009).

A review of these factors also supports the Plaintiffs' Counsels' fee request as being fair and reasonable. Plaintiffs' Counsel secured a meaningful benefit for the Class, and there is a public interest in ensuring that attorneys willing to represent clients in class action litigation are adequately paid so that they and others like them will continue to take on such cases. Adequate compensation is necessary to encourage attorneys to assume the risk of litigation in the public interest. *See Dolgow v. Anderson,* 43 F.R.D. 472, 487, 494 (E.D.N.Y. 1968) (stating that "[e]very successful suit duly rewarded encourages other suits to redress misconduct and by the same token discourages misconduct which would occasion suit").

The factual and legal complexity of these cases would make them expensive to litigate, and if fully litigated, they could take years to resolve. If these cases would not have settled, there would, inevitably, be summary judgment motions and trial preparation resulting in the expenditure of many additional hours of effort, and great additional expense. The trial would have run more than one week and involved numerous attorneys, experts, the introduction of voluminous documentary and deposition evidence, vigorously contested motions, and the expenditure of enormous amounts of judicial and financial resources.

The Court finds appropriate the requested payment in the amount of $3,500 to each Class Representative for their efforts in this case, which is modest in nature. These Named Plaintiffs located willing counsel, initiated lawsuits, and invested their own time, effort, and funds for the benefit of the class.

Accordingly, this Court awards Plaintiffs' Counsel $765,000 in attorneys' fees and cost reimbursement in the *Ehlers* case; and attorneys' fees and costs of $70,000 in the *Giordano* case. Incentive awards are also awarded to each Class Representative in both cases in the amount of $3,500.

## IV. DISPOSITION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion For Final Approval Of The Class Action Settlement in both cases, ECF No. 76 in Case No. 2:10–cv–1147 and ECF No. 73 in Case No. 2:11–cv–614 .

Based on the above, and the Settlement Agreement, the Court **ORDERS, ADJUDGES AND DECREES** as follows:

1.     To the extent not otherwise defined in this Order, capitalized terms shall have the same meaning as in the Parties' Settlement Agreement and Release.

2.     This Court has jurisdiction over the subject matter of these actions, the Named Plaintiffs, the Class, and Defendant.

3.     The Court **GRANTS** Named Plaintiffs' Motion For Final Approval Of The Class Action Settlement, and approves the Settlement, and directs disbursement according to the Agreement, including for $765,000 in attorneys' fees and litigation expenses to Plaintiffs' Counsel in the *Ehlers* case, $70,000 in attorneys' fees and litigation expenses to Plaintiffs' Counsel in the *Giordano* case, and $3,500 to each Class Representative.

4.     The Court appoints and approves as Plaintiffs' Counsel for the Settlement Class in the *Ehlers* case Jonathan K. Stock and the law firm of Organ Cole + Stock, LLP; and Cathleen M. Combs and the law firm of Edelman, Combs, Latturner & Goodwin, LLC in the *Giordano* case.  Based on the proceedings in this matter to date and the documents on file with the Court, the Court concludes that Plaintiffs' Counsel has and will represent the Settlement Class fairly and adequately.

5.     The Court finally appoints and approves Named Plaintiffs as class representatives.  Based on the proceedings in this matter to date and the

documents on file with the Court, the Court concludes that Named Plaintiffs have represented the Settlement Class fairly and adequately.

6.    This Court **CERTIFIES** the following Settlement Class for purposes of settlement under Federal Rule of Civil Procedure 23(a) and 23(b)(2):

all persons to whom Restoration Hardware, Inc. provided an electronically printed receipt at the point of sale or transaction from March 3, 2010 to January 10, 2011 that displays: (1) more than the last five digits of the person's credit card or debit card number; and/or (2) the expiration date of the person's credit card or debit card.

7.    The Agreement and the terms of the settlement thereof, including releases of all claims, are in their entirety and all respects, fair, reasonable and adequate to the Class and in the best interests of the Class.  The Agreement was arrived at as a result of arm's length negotiations conducted in good faith by the Parties and sophisticated counsel.  The Settlement Amount contemplated by the Agreement constitutes a common benefit to the Settlement Class which is meaningful, appropriate, and ascertainable.

8.    As of the date of final approval upon the Effective Date (as defined in the Agreement), each member of the Class on their own behalf and on behalf of their respective heirs, executors, administrators, past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, shall have released each and all of the Released Parties from the Released Claims, and the Defendant shall be deemed to have released the Plaintiffs, their successors, representatives, heirs, assigns and attorneys, including Class Counsel, from any and all allegations of liability as further delineated in the Settlement Agreement.

9.     The Notice Plan has been implemented according to the Agreement, and the Preliminary Order constitutes the best notice practicable under the circumstances and fully complies with and satisfies the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and applicable law.  The Notice Plan reasonably apprised the Class Members of the nature and pendency of the Class Action and the class claims; of all material elements of the proposed Settlement, including but not limited to the definition of the Settlement Class, the relief available under the proposed Settlement and steps necessary to obtain the relief; of the *res judicata* effect on Class Members and of the right, time and manner to object to the Settlement; of the identity of Plaintiffs' and Defendant's Counsel and of information necessary to communicate with Plaintiffs' Counsel; that complete information is available in the Court's files; and of the right to appear at the Fairness Hearing, including through an attorney.  Full opportunity has been afforded to Class Members to be heard at and to participate in the Fairness Hearing.  Accordingly, the Court determines that the Class is bound by this Final Order and Entry.

10.     The Parties have complied with the requirements of the Class Action Fairness Act.

11.     The Court **DISMISSES** the Complaints against Defendant **WITH PREJUDICE** on the merits and with costs taxed according to the Agreement.

12.     All persons are hereby permanently barred and enjoined from the institution and prosecution, either directly or indirectly, of any actions against

Defendant, the Released Parties, Defendant's Counsel, the Named Plaintiffs, or Plaintiffs' Counsel based on the amount of any Settlement Award issued pursuant to the Agreement approved in this Final Order and Entry.

13.     Neither this Final Order and Entry nor the Agreement, nor any of its terms or provisions nor any of the negotiations or proceedings connected with it, is an admission or concession by Defendant of any liability or wrongdoing.  This Final Order and Entry is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Class Action.  Neither the Settlement nor the settlement negotiations nor the settlement proceedings nor any related documents nor the Agreement nor this Final Order and Entry shall be offered or received in evidence as an admission, concession, presumption, or inference against Defendant in any proceeding, other than such proceedings as may be necessary to enforce or consummate the Agreement or to establish that this Final Order and Entry were entered in this case.

14.     Except as otherwise provided herein or in the Agreement, each party shall bear its own fees, expenses, and costs.

15.     Without affecting the finality of this Final Order and Entry, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

The Clerk shall enter **FINAL JUDGMENT** in this case as follows **IN BOTH CASES**:

> **IT IS ORDERED AND ADJUDGED** that the July  , 2014 final Opinion and Order, ECF No.   , is hereby incorporated and entered including, without limitation, approving the Settlement Agreement and Release and the class action settlement, certifying the Settlement Class, awarding $765,000.00 and $70,000.00 in attorneys' fees and litigation expenses to Plaintiffs' Counsel, respectively, granting Named Plaintiffs a payment of $3,500.00, and directing further disbursements according to the Settlement Agreement and Release and, therefore, this case is hereby terminated.

The Clerk shall dismiss the Complaints and these Actions in their entirety with prejudice on the merits and without taxation of costs in favor of or against any party.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**